1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ABBAS EGHTESADI,                    No. CIV S-08-2221-JAM-CMK-P

12            Petitioner,

13       vs.                          <u>FINDINGS AND RECOMMENDATIONS</u>

14   KEN CLARK, et al.,

15            Respondents.

16   _____/

17            Petitioner, a state prisoner proceeding with retained counsel, brings this petition

18   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is

19   respondents' motion to dismiss (Doc. 12).  Respondents argue the petition is untimely.  A

20   hearing on the matter was held on February 12, 2009, at 10:00 a.m. before the undersigned.

21   Thersa Ann Gibbons, Esq., appeared for petitioner.  Paul Edward O'Connor, Esq., appeared for

22   respondents.

23   / / /

24   / / /

25   / / /

26   / / /

1

# I. BACKGROUND

Petitioner was convicted on July 30, 2002, of various sex offenses and attempted murder.  With enhancements, he was sentenced to a determinate prison term of 72 years and eight months, plus a consecutive indeterminate term of 65 years to life.  The California Court of Appeal affirmed the conviction and sentence on January 31, 2005.  The California Supreme Court denied direct review on April 20, 2005.

With the assistance of counsel, petitioner then filed the following state court post-conviction actions:

| | | |
|---|---|---|
| First Petition | California Court of Appeal | |
| | Filed:  October 7, 2004 | |
| | Denied:  October 14, 2004 | |
| Second Petition | Sacramento County Superior Court | |
| | Filed:  November 3, 2004 | |
| | Denied:  November 29, 2006 | |
| Third Petition | California Court of Appeal | |
| | Filed:  May 30, 2007 | |
| | Denied:  July 5, 2007 | |
| Fourth Petition | California Supreme Court | |
| | Filed:  July 16, 2007 | |
| | Denied:  September 25, 2007 | |

The instant action was filed, also with the assistance of counsel, on September 19, 2008.

# II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

2

1    review.  See 28 U.S.C. § 2244(d)(1).

2           Where a petition for review by the California Supreme Court is filed and no

3    petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

4    begins running the day after expiration of the 90-day time within which to seek review by the

5    U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no

6    petition for review by the California Supreme Court is filed, the conviction becomes final 40

7    days following the Court of Appeal's decision, and the limitations period begins running the

8    following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the

9    Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the

10   state trial court, and the limitations period begins running the following day.  If the conviction

11   became final before April 24, 1996 – the effective date of the statute of limitations – the one-year

12   period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187

13   F.3d 1104, 1105 (9th Cir. 1999).

14          The limitations period is tolled, however, for the time a properly filed application

15   for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

16   "properly filed," the application must be authorized by, and in compliance with, state law.  See

17   Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.

18   DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

19   state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

20   and the failure to comply with those time limits precludes a finding that the state petition is

21   properly filed).  A state court application for post-conviction relief is "pending"during all the

22   time the petitioner is attempting, through proper use of state court procedures, to present his

23   claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

24   "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 127

25   S.Ct. 1079 (2007) (holding that federal habeas petition not tolled for time during which certiorari

26   petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between

3

1     state court applications, however, there is no tolling for that period of time.  <u>See</u> <u>Carey v. Saffold</u>,

2     536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as

3     untimely, the federal court must independently determine whether there was undue delay.  <u>See</u> <u>id.</u>

4     at 226-27.

5            There is no tolling for the interval of time between post-conviction applications

6     where the petitioner is not moving to the next higher appellate level of review.  <u>See</u> <u>Nino</u>, 183

7     F.3d at 1006-07; <u>see also</u> <u>Dils v. Small</u>, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

8     tolling for the period between different sets of post-conviction applications.  <u>See</u> <u>Biggs v.</u>

9     <u>Duncan</u>, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

10    review and the filing of a state post-conviction application does not toll the limitations period.

11    <u>See</u> <u>Nino</u>, 1983 F.3d at 1006-07.

12           In this case, the one-year limitations period began to run the day after expiration

13    of the 90-day period within which to seek direct review by the United States Supreme Court.

14    The California Supreme Court denied direct review on April 20, 2005, and the 90-day period to

15    seek review by the United States Supreme Court expired on July 19, 2005.  Thus, the limitations

16    period for filing a federal habeas petition began to run on July 20, 2005.  The parties do not

17    dispute this.

18           Petitioner may be entitled to statutory tolling incident to his various state court

19    post-conviction challenges.  Respondents are correct that petitioner is not entitled to tolling for

20    the first petition because it was filed and resolved before the one-year limitations period began to

21    run in July 2005.  Similarly, petitioner is not entitled to tolling for the time between denial of the

22    first petition and filing of the second petition, and the time the second petition was pending in

23    state court prior to commencement of the limitations period.  Thus, as to the second petition, he

24    is entitled to statutory tolling only from July 20, 2005, through November 29, 2006.

25    Respondents concede that petitioner is also entitled to tolling for the time the third and fourth

26    state court petitions were pending, and the time between them.

1    Respondents contend, however, that petitioner is not entitled to interval tolling for

2    the 183 days between the denial of the second petition (November 29, 2006) and filing of the

3    third petition (May 30, 2007) because the petitioner unreasonably delayed filing the third

4    petition.  According to respondents, delay of more than 60 days is generally considered

5    unreasonable.  Because the Court of Appeal did not explicitly deny the third petition as untimely,

6    this court must independently determine whether the 183-day delay was unreasonable.  It is

7    undisputed that, if petitioner is entitled to interval tolling for the time between the second and

8    third state court petitions, the instant federal petition is timely and that, otherwise, it is not.

9    As to the 183 days between November 29, 2006, and May 30, 2007, petitioner

10   outlines the following events:

11          • Petitioner submitted a "Notice of Appeal" of the Sacramento Superior Court's
       November 29, 2006, denial of the second petition.  The "Notice of Appeal" was
12     received by the Court of Appeal on December 27, 2006, and filed on January 5,
       2007.
13
14          • On March 22, 2007, the Court of Appeal notified petitioner that a case number
       had been assigned and that the opening brief was due on May 1, 2007.

15          • On March 29, 2007, the Court of Appeal informed petitioner by way of a letter
       that the Sacramento County Superior Court's November 29, 2006, order denying
16     the second petition could not be appealed.  Petitioner then filed an original
       petition in the Court of Appeal (the third state court petition).
17

18   Based on this sequence of events, petitioner argues that, in fact, he waited less than 60 days to

19   file the third action (i.e., the time between the Court of Appeal's March 29, 2007, letter and the

20   filing of the third action on May 30, 2007).  According to petitioner, unlike the cases cited by

21   respondents in support of their motion, the facts of his case show an explained delay which was

22   reasonable under the circumstances.

23          Not surprisingly, respondents argue that the delay was unreasonable

24   notwithstanding the sequence of events outlined by petitioner.  Specifically, they argue that the

25   mistaken filing of the "Notice of Appeal" by petitioner's counsel cannot act to toll the limitations

26   period because it was not properly filed.  Respondents also argue that this court cannot make a

1    determination as to whether the delay was reasonable or not based on facts which were never

2    presented to the state court.  Respondents conclude that, because petitioner never explained in the

3    state court why the third petition was delayed 183 days, this court cannot now consider

4    petitioner's sequence of events.

5            As to respondents' first argument, the issue is not whether the "Notice of Appeal"

6    itself was an action for which petitioner would be entitled to statutory tolling.  Clearly it was not

7    given that, as petitioner concedes, it was never properly filed.  The question is whether the

8    mistaken filing of a "Notice of Appeal" in the Court of Appeal, instead of a new habeas petition,

9    renders the 183-day delay reasonable under the circumstances.  One the one hand, petitioner's

10   counsel should have known that a "Notice of Appeal" was not the proper mechanism for

11   presenting petitioner's post-conviction claims to the Court of Appeal.  On the other hand,

12   however, petitioner himself should not be penalized for the error of counsel.  While petitioner's

13   counsel made a mistake, it cannot be said that petitioner acted unreasonably given that he

14   understandably relied on counsel to file the appropriate documents.

15           As to respondents' second argument, the court is not limited to deciding the issue

16   of reasonable delay based only on the facts presented to the state court.  Given the sequence of

17   events outlined by petitioner, there would have been no need for him to present the Court of

18   Appeal with any explanation as to why the third petition was filed 183 days after the second

19   petition was denied.  The Court of Appeal knew exactly what was going on given that it initially

20   assigned a case number to the "Notice of Appeal" and set a briefing schedule and then later

21   notified petitioner that the "Notice of Appeal" was not properly filed.  As further evidence that

22   the Court of Appeal did not expect petitioner to carry any burden with respect to timeliness, the

23   Court of Appeal did not explicitly deny the third petition as untimely.  Rather, it denied the third

24   petition on the merits without comment or citation.

25   / / /

26   / / /

1    The time between the denial of the second petition and filing of the third petition

2    does not constitute unreasonable delay given that petitioner has provided an explanation for the

3    183-day delay.  Specifically, his counsel made a mistake as to the appropriate way to present

4    petitioner's claims to the next highest state court for post-conviction review.  This error should

5    not work to the detriment of petitioner, who reasonably relied on counsel to file the correct

6    documents on his behalf.

7

8                            **III.  CONCLUSION**

9    Based on the foregoing, the undersigned recommends that respondents' motion to

10   dismiss (Doc. 12) be denied and that respondents be directed to file an answer on the merits.

11   These findings and recommendations are submitted to the United States District

12   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

13   after being served with these findings and recommendations, any party may file written

14   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

15   Findings and Recommendations."  Failure to file objections within the specified time may waive

16   the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18   DATED:  February 17, 2009

19                                    _____

20                                    **CRAIG M. KELLISON**
                                     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26