# United States District Court
# Eastern District of California

| | |
|---|---|
| ABBAS EGHTESADI, | 08-CV-02221 TJH |
|         Petitioner, | |
|    v. | Order |
| M. Martel, *et al.*, | |
|         Respondents. | |

     On July 30, 2002, Petitioner was convicted of seven counts of foreign object penetration in concert, two counts of forcible rape in concert, three counts of forcible oral copulation in concert, assault with intent to commit sodomy, attempted murder, two counts of forcible rape, two counts of forcible oral copulation, and forcible sodomy. The jury found that Petitioner personally used a deadly and dangerous weapon and personally inflicted great bodily injury in the commission of count fourteen, and found that he used a deadly weapon in the commission of counts fifteen through nineteen. The jury found that the offenses were committed against more than one victim. Petitioner was sentenced to a determinate state prison term of 72 years and eight months, plus a consecutive indeterminate term of 65 years to life. The California Court of Appeal affirmed the judgment, and the California Supreme Court denied review.

Petitioner's *habeas* petitions were denied by the trial court, state appellate court, and state supreme court. Petitioner filed his petition for *habeas* relief before this Court. Respondent's motion to dismiss the petition on statute of limitations grounds was denied.

Petitioner asserts that he is entitled to *habeas* relief on three grounds: First, Juror 11's failure to disclose during *voire dire* that his Aunt was a district attorney in another state, and the trial court's refusal to grant a full evidentiary hearing on the question of juror bias when this was discovered, violates the Sixth and Fourteenth Amendments; Second, Juror 11's introduction of extrinsic evidence during jury deliberations, and the trial court's refusal to grant a full evidentiary hearing on the question of extrinsic evidence, violates the Sixth and Fourteenth Amendments; and Third, the prosecution knowingly permitted the use of false testimony when it did not correct a witness's false response to defense counsel's question, violating Petitioner's due process rights.

The petition is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S. Ct. 2059, 2063, 138 L. Ed. 2d 481, 488 (1997). Under the AEDPA, a federal court may not grant a writ of *habeas corpus* unless the state court's adjudication was either: 1) Contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or 2) Based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding. 28 U.S.C. § 2254(d)(1-2). Petitioner has not demonstrated that he is entitled to relief under this standard.

First, Petitioner fails to show that the trial court's handling of the *voire dire* questionnaire omission and the request for an evidentiary hearing on bias was contrary to, or an unreasonable application of, clearly established federal law. A defendant is not entitled to an evidentiary hearing or a new trial whenever any evidence of potential jury bias arises. *Tracey v. Palmateer*, 341 F.3d 1037, 1040-45 (9th Cir. 2003) *cert. denied*, 543 U.S. 864, 125 S. Ct. 196, 160 L. Ed. 2d 107 (2004). Investigation into alleged juror misconduct is at the discretion of the trial court, and due process is satisfied if the trial

court chooses to hold a hearing on the subject. *Smith v. Phillips*, 455 U.S. 209, 218, 102 S. Ct. 940, 946, 71 L. Ed. 2d 78, 87 (1982). Here, the trial court determined that the omission was not intentional or material, and, thus, was no basis to believe Juror 11 was biased. In fact, Juror 11 truthfully listed his relation to a sheriff and told the trial court he could be impartial during deliberations. After inquiring into the nature of the omission, the trial court found that no evidentiary hearing was necessary. Petitioner's first claim fails.

Second, Petitioner fails to show that Juror 11's introduction of extrinsic evidence during jury deliberations, and the trial court's refusal to grant a full evidentiary hearing on the question of extrinsic evidence, was contrary to, or an unreasonable application of, clearly established federal law. Investigation into alleged juror misconduct is at the discretion of the trial court, and due process is satisfied if the trial court chooses to hold a hearing on the subject. *Smith*, 455 U.S. 209. Here, the trial court held a hearing to determine whether any members of the jury were biased when Juror 11 repeated his Aunt's statement on a common criminal charging practice. The statement falls short of suggesting Petitioner was guilty of any crime, and instead only provides a possible explanation of why the prosecution would charge fewer counts than the amount of criminal acts the jury believes may exist. The trial court found that the evidence of conversation between Juror 11 and Juror 11's Aunt did not raise a strong possibility of a prohibited conversation during trial. Further, the trial court determined that only two jurors received and understood Juror 11's comment, and subsequently gave curative instructions to each member of the jury to disregard the comment and to remain impartial. Each juror agreed to do so. The trial court ensured that the extrinsic statement would not prejudice the Petitioner. The trial court reasonably complied with established federal law. Petitioner's second claim fails.

Third, Petitioner fails to show that the prosecution's failure to correct a witness's false response on defense counsel's cross-examination violates Petitioner's due process rights. Generally, a prosecutor has an independent duty to correct testimony he or she

knows to be false. *Belmontes v. Brown*, 414 F.3d 1094, 1115 (9th Cir. 2005) rev'd on other grounds *sub nom. Ayers v. Belmontes*, 549 U.S. 7, 127 S. Ct. 469, 166 L. Ed. 2d 334 (2006). When there is a reasonable likelihood that the false testimony could have affected the judgment of the jury, a conviction must be set aside. *Belmontes,* 414 F.3d at 1115. The trial court correctly applied this standard when determining if the witness's testimony that she had only been arrested once, when in fact she had been arrested more than once, was reasonably likely to affect the judgment of the jury. The trial court found that it would not. The witness was forthright in disclosing her past transgressions, which included, *inter alia*, involvement in prostitution and drug use, lying to the police, and previously changing her story. Also, the defense skillfully cross-examined the witness. Correcting the witness's false statement would not reasonably have affected the jury's judgment in light of all the other evidence given to the jury. Thus, the trial court's decision was not contrary to, nor an unreasonably application of, clearly established federal law. Petitioner's third claim fails.

    It is Ordered that the petition be, and hereby is, Denied.

Date: October 12, 2012

_____
Terry J. Hatter, Jr.
Senior United States District Judge